UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TABITHIA ANN HICKS, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:16-cv-01131-RBL <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

THIS MATTER is before the Court on Plaintiff Hicks's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of her application for supplemental security income benefits.

Hicks suffers from degenerative disc disease of the lumbar spine, degenerative joint disease of the left knee, asthma, carpal tunnel syndrome, organic mental disorder, bipolar disorder, and anxiety disorder. *See* Dkt. 7, Administrative Record 11. She applied for SSI benefits in January 2011, alleging she became disabled beginning in May 2006. *See* AR 104. That application was denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before Administrative Law Judge M.J. Adams in April 2012. *See id*. After the ALJ issued an unfavorable decision, Hicks appealed, and the Appeals Council remanded the case for further proceedings. A second hearing was held before the ALJ in November 2014. *See* AR 9. Hicks, represented by counsel, appeared and testified, as did a mental health clinician and a vocational expert. *See* AR 69–98.

ORDER - 1

The ALJ determined Hicks to be not disabled. *See* AR 9–26. The Appeals Council denied Hicks's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 1–4; *see also* 20 C.F.R. § 416.1481. In July 2016, Hicks filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Hicks argues the Commissioner's decision to deny benefits should be reversed and remanded for an award of benefits or for further administrative proceedings because the ALJ erred: (1) in evaluating Hicks's severe impairments at step two; (2) in evaluating the medical evidence in the record; and (3) in assessing Hicks's residual functional capacity and finding her capable of performing other work available in the national economy.

The Commissioner argues the ALJ did not err in evaluating Hicks's severe impairments or the medical evidence, so the ALJ's RFC and step-five finding that Hicks could perform other work were supported by substantial evidence and should be affirmed.

**DISCUSSION**

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards," and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation

ORDER - 2

omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

### I.     The ALJ's Evaluation of Hicks's Severe Impairments

At step two of the sequential evaluation process, "the medical severity" of a claimant's impairments is considered. 20 C.F.R. § 416.920. If the claimant has no "severe medically determinable" impairment, she will be found not disabled. *Id*. An impairment is "not severe" if it does not "significantly limit [the claimant's] mental or physical abilities to do basic work activities." 20 C.F.R. §§ 416.920(a)(4)(iii), (c); *see also* Social Security Ruling 96-3p, 1996 WL 374181 at *1. The claimant has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Once step two is resolved in a claimant's favor, harmful error only occurs if the ALJ fails to properly analyze evidence from any impairments that shows work-related limitations beyond those assessed in the RFC. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007); *see also Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the ultimate nondisability determination"). Plaintiff has the burden of establishing that an error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

Here, the ALJ found that Hicks had several severe impairments at step two and continued with the sequential evaluation process. *See* AR 11. Still, Hicks argues the ALJ erred by failing to find her shoulder impairment to be severe, and that the error is harmful because "the ALJ did not specifically discuss the shoulder condition at step four." *See* Dkt. 19, pp. 4-5. However, while Hicks notes symptoms and resulting treatment related to her shoulder impairment, she fails to identify any specific functional limitations missing from the RFC. *See id*. Regardless, the ALJ explained in his decision that the medical evidence did not support limitations as a result of Hicks's shoulder pain beyond those assessed in the RFC, and gave sufficient reasons to discount any of Hicks's subjective complaints.[2] *See* AR 12, 16-19. Therefore, Hicks has not met her burden to show harmful error in the ALJ's assessment of Hicks's impairments at step two and, as required, thereafter.

**II.     The ALJ's Evaluation of the Medical Evidence in the Record**

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence

---

[2] Hicks does not challenge the ALJ's evaluation of Hicks's testimony. *See* Dkt. 9.

ORDER - 4

in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). A physician's opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

    **A.**    **Carl Epp, Ph.D.**

Hicks argues the ALJ erred by failing to give specific and legitimate reasons supported by substantial evidence to discount some of the opinions of examining psychologist Carl Epp, Ph.D. *See* Dkt. 9, pp. 9–11. The Court disagrees.

Epp examined Hicks five times over the course of four years. *See* AR 432–39, 538–45, 584–91, 1040–44, 1045–49. The ALJ discussed the November 2010, March 2011, and July 2011 evaluations in conjunction with one another, assigning little weight to Epp's opinions therein that Hicks had marked cognitive and social limitations. *See* AR 20–22. The ALJ gave partial weight

ORDER - 5

to Epp's May 2012 opinion that Hicks had no memory problems but had marked to severe cognitive and social limitations. *See* AR 22. Finally, the ALJ gave "more weight" to Epp's April 2014 opinion that Hicks had only mild to moderate limitations in cognitive and social functioning, incorporating those limitations into the RFC. *See id*.

The ALJ thoroughly summarized the conflicting medical evidence and discounted Epp's earlier opinions because they were inconsistent with mental status examinations and with Hicks's daily activities. *See* AR 20-22. An ALJ need not accept a physician's opinion if it is inadequately supported by clinical findings or "by the record as a whole." *See Batson*, 359 F.3d at 1195. Here, mental status examinations contained findings of appropriate appearance, appropriate attitude and behavior, proper orientation, normal fund of knowledge, normal abstract thinking, and normal memory, which were inconsistent with the marked or severe mental impairments to which Epp opined. *See* AR 541-42, 1042-43.

Similarly, an ALJ need not accept a physician's opinion if that opinion is contradicted by the claimant's daily activities. *See Morgan*, 169 F.3d at 601-02. Here, the ALJ found that the marked or severe limitations to which Epp opined were contradicted by Hicks's ability to read books three hours a day, concentrate on playing video games three hours a day, write for an hour a day, maintain a relationship with her boyfriend, and socialize and perform at a bar. *See* AR 22, 76, 543, 878. Though other findings in record may arguably lead to a different rational interpretation, because substantial evidence supports the ALJ's findings, the ALJ's decision must be upheld. *See Allen*, 749 F.2d at 579.

**B.     Daniel Garcia, M.D.**

Hicks argues that the ALJ erred by giving no weight to the September 2010 opinion of treating physician Daniel Garcia, M.D. *See* Dkt. 9, pp. 8-9. The Court disagrees.

ORDER - 6

Garcia completed a function report in September 2010, and opined Hicks was limited to less than sedentary work. *See* AR 576. However, Garcia opined that Hicks would be so impaired for only six months and that she was improving. *See id*. The ALJ gave this opinion no weight because of the limited duration. *See* AR 20. Work-related limitations alleged to be disabling must last for at least 12 months. *See Barnhart v. Walton*, 535 U.S. 212, 217-222 (2002) (upholding Commissioner's interpretation of Social Security Act's definition of "disability" as requiring both a medically determinable impairment and resulting inability to engage in substantial gainful activity to last for "not less than 12 months"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (upholding decision by ALJ to give physician's opinion regarding inability to tolerate sedentary or light work "little weight" in assessing claimant's "long-term functioning" in light of that physician's decision two months later to release claimant to full-time work). The ALJ instead gave significant weight to Garcia's April 2010 opinion that Hicks's test results revealed significant impairments though she retained the ability "to work in a low labor situation with frequent changes in position." *See* AR 20, 426. Substantial evidence supports the ALJ's reason for dismissing Garcia's September 2010 opinion. The ALJ did not err in evaluating the medical evidence.

### III.   The RFC Assessment and Step-Five Finding

Hicks argues the RFC and step-five finding are not supported by substantial evidence due to the errors alleged above. *See* Dkt. 9, p. 11. However, because the Court finds the ALJ committed no harmful error in evaluating Hicks's severe impairments or the medical evidence, the RFC and step-five finding are supported by substantial evidence, and not in error. *See supra* §§ I, II.

//

ORDER - 7

**CONCLUSION**

Based on the foregoing discussion, the Court hereby concludes the ALJ properly concluded Hicks was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 20th day of January, 2017.

/s/ Ronald B. Leighton
Ronald B. Leighton
United States District Judge

ORDER - 8